Exhibit 1

Case 8:26-cv-00244-DKC   Document 1-1   Filed 01/21/26   Page 1 of 14

## IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE COUNTY

**DANIEL RUFFIN**　　　　　　　　　＊
3417 Village Drive North
Upper Marlboro, MD 20772　　　　＊

　　*Plaintiff*,
　　　　　　　　　　　　　　　　＊

v.　　　　　　　　　　　　　　　＊

**CITY OF MOUNT RAINER,**　　　＊
**MARYLAND**
1 Municipal Place　　　　　　　　＊　　Case No.: C-16-CV-25-006720
Mount Rainer, MD 20712

<u>SERVE ON CITY ATTORNEY</u>:　＊
Elissa D. Levan
City Attorney　　　　　　　　　　＊
2007 Tidewater Colony Drive
Annapolis, Maryland 21401

　　*Defendant*.　　　　　　　　＊

＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊

### **VERIFIED COMPLAINT**

COMES NOW Plaintiff, Lt. Daniel E. Ruffin, by and through counsel, Abbas S. Sadiq, Esq., hereby brings this Complaint against Defendant, City of Mount Rainier, Maryland, and states as follows:

### **PARTIES**

1. Plaintiff, Lt. Daniel E. Ruffin, is an African American male over the age of 40 and a resident of Maryland.
2. Plaintiff served as a police lieutenant with the Mount Rainier Police Department ("MRPD") with an exemplary record and no sustained disciplinary findings.

3. Defendant, the City of Mount Rainier, is a municipal corporation organized under Maryland law and is the employer of the MRPD's sworn personnel.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Maryland law because the causes of action arise under Maryland statutes, the Maryland Constitution, Maryland common law, and federal law enforceable in state court.

5. Venue is proper in Prince George's County because Defendant is located within the County and the events giving rise to the claims occurred there.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff filed a charge of discrimination with the EEOC based on hostile work environment, harassment, discrimination, retaliation, lack of due process, and disparate treatment.

7. The EEOC issued Plaintiff the right to sue on October 7, 2025.

## FACTUAL BACKGROUND

8. Plaintiff incorporates all preceding paragraphs.

9. Plaintiff is an African American male over age 40 and has been employed with MRPD for over ten years.

10. Plaintiff served as President of the Fraternal Order of Police (FOP) and regularly engaged in protected union activity.

11. Plaintiff advocated for officer pay, benefits, safety, and working conditions.

12. In May–June 2025, Plaintiff helped organize a vote of no confidence in City Manager Kourosh Kamali.

13. Within twenty-four (24) hours of this protected activity becoming public, Plaintiff was suspended and placed on administrative leave.

14. Plaintiff received no written charges, no notice, no Internal Affairs case number, and no opportunity to respond, contrary to Maryland law.

15. Defendant violated established procedures under the Maryland Police Accountability Act.

16. On August 26, 2025, City Attorney Elissa Levan stated in writing that Plaintiff was suspended because of a discrimination complaint filed by subordinate Officer Celis.

17. However, this explanation was false.

18. When investigators later requested Plaintiff's personnel file, no EEOC or related complaint documentation was present.

19. Instead, the file improperly contained a termination letter and a separate, unrelated packet alleging secondary employment violations that arose *after* Plaintiff was suspended.

20. Chief of MRPD Perez claimed that the suspension was actually due to this secondary-employment allegation, contradicting the City Attorney.

21. The shifting explanations are evidence of pretext and unlawful motive.

22. Non-Black and younger officers with multiple sustained Investigative Affairs findings were never suspended, never placed on leave, and were given preferential treatment.

23. Plaintiff was denied advancement, denied procedural rights, and deprived of overtime, pension growth, and career opportunities.

24. Defendant later inserted a termination letter into Plaintiff's file without service or process.

25. Plaintiff suffered extreme emotional distress, reputational damage, and loss of future employment prospects.

26. Plaintiff was constructively terminated as a result of Defendant's actions.

## COUNT I
## RACE DISCRIMINATION
**Maryland Fair Employment Practices Act, Md. Code, State Gov't §20-601 et seq.; and Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e et seq.**

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. Plaintiff is an African American male and therefore a member of a protected class.

29. Plaintiff was qualified for his position and had a strong work record with no sustained disciplinary history.

30. Defendant subjected Plaintiff to disparate discipline, unequal treatment, and removal from duty based on his race.

31. Non-Black employees with more serious or sustained misconduct records were not suspended, removed from duty, or subjected to similar treatment.

32. Defendant's actions constitute unlawful race discrimination in violation of Maryland FEPA and Title VII of the Civil Rights Act of 1964.

33. As a direct result, Plaintiff suffered emotional distress, loss of wages, reputational harm, and loss of future employment opportunities.

**WHEREFORE**, Plaintiff demands compensatory damages, emotional distress damages, reinstatement, back pay, front pay, attorney's fees, and other appropriate relief in excess of $250,000.

## COUNT II
## AGE DISCRIMINATION
**Maryland Fair Employment Practices Act, Md. Code, State Gov't §20-601 et seq. and Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 621 et seq.).**

34. Plaintiff incorporates all prior allegations.

35. Plaintiff is over the age of 40 and a member of a protected class under Maryland law.

36. Defendant treated younger, less-qualified officers more favorably, provided them opportunities denied Plaintiff, and declined to discipline younger officers for similar or more serious conduct.

37. Plaintiff's age was a motivating factor in the disparate treatment, suspension, and adverse actions taken against him.

38. Defendant's conduct violates Maryland FEPA and ADEA.

39. Plaintiff suffered lost wages, loss of advancement, diminished pension accrual, and emotional distress.

**WHEREFORE**, Plaintiff demands compensatory damages, emotional distress damages, reinstatement, back pay, front pay, attorney's fees, and other appropriate relief in excess of $250,000.

## COUNT III
## RETALIATION
**Maryland Fair Employment Practices Act (FEPA), Maryland Code, State Government Article, § 20-606; Maryland Public Safety Article, § 3-110(a)(1); Maryland Public Safety Article, § 3-110(a)(2) and (c), and 42 U.S.C. § 1983 anti-retaliation.**

40. Plaintiff incorporates all prior allegations.

41. Plaintiff engaged in multiple forms of protected activity under Maryland law, including activity explicitly protected by statute, such as:

a. **FEPA and Section 1983 Protected Opposition:** Opposing discriminatory pay practices and engaging in related conduct protected under the Maryland Fair Employment Practices Act (FEPA), Maryland Code, State Government Article, § 20-606 (Anti-Retaliation Provision).

b. **Police Whistleblowing:** Disclosing information that evidenced mismanagement, a waste of government resources, or a violation of law or policy by another law enforcement officer, protected by the Maryland Public Safety Article, § 3-110(a)(1).

c. **Exercise of Federal and State Constitutional/Political Rights:** Participating in union activity and leading a vote of no confidence against the City Manager, which constitutes the lawful exercise of constitutional and political rights protected by the Maryland Public Safety Article, § 3-110(a)(2) and (c) and Federal Constitution First Amendment.

42. Defendant retaliated against Plaintiff immediately after these protected activities by suspending him without notice, charges, or investigation, and issuing contradictory explanations for its actions, which indicates pretext.

43. Plaintiff engaged in protected activity under Federal and Maryland State law, including:

    a. Opposing discriminatory pay practices;

    b. Raising concerns about officer treatment;

    c. Participating in union activity;

    d. Leading a vote of no confidence against the City Manager;

    e. Engaging in conduct protected under Maryland FEPA, and the First Amendment.

44. Defendant retaliated against Plaintiff by immediately suspending him without notice, charges, or investigation.

45. Defendant issued contradictory explanations for its actions, first claiming the suspension was based on an EEOC complaint, then later claiming it was due to unrelated secondary employment allegations, indicating pretext.

46. Defendant's retaliatory suspension, removal from duty, and interference with career opportunities violate the clear and explicit mandates of Maryland public policy as codified

in the statutes cited above and constitute a wrongful retaliatory action. Plaintiff suffered severe emotional distress, financial losses, and long-term career harm.

**WHEREFORE**, Plaintiff demands compensatory damages, emotional distress damages, reinstatement, back pay, front pay, attorney's fees, and other appropriate relief in excess of $250,000.

## COUNT IV
## HOSTILE WORK ENVIRONMENT
**Maryland Fair Employment Practices Act, Md. Code Ann., State Government Article ("SG") § 20-606(a)(1) and 42 U.S.C. § 1983 anti-retaliation.**

Plaintiff incorporates all prior allegations.

47. Defendant subjected Plaintiff to a severe and pervasive pattern of hostile and retaliatory conduct rooted in race, age, and protected activity.

48. Defendant undermined Plaintiff's supervisory authority, denied him advancement, isolated him, and subjected him to unwarranted scrutiny and suspension.

49. This environment altered the terms and conditions of Plaintiff's employment, constituting discrimination with respect to the terms and conditions of employment because of a protected characteristic, in violation of the Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Government Article ("SG") § 20-606(a)(1) and 42 U.S.C. § 1983 anti-retaliation. Plaintiff suffered emotional and psychological harm.

**WHEREFORE**, Plaintiff demands compensatory damages, emotional distress damages, reinstatement, back pay, front pay, attorney's fees, and other appropriate relief in excess of $250,000.

## COUNT V
## PROCEDURAL DUE PROCESS VIOLATIONS
### Article 19 and Article 24 – Procedural and Substantive Due Process and 42 U.S.C. § 1983.

50. Plaintiff incorporates all prior allegations.

51. As a sworn law enforcement officer, Plaintiff had a constitutionally protected property interest in his continued employment, as Maryland law provides that a police officer may only be disciplined or terminated "for cause" (e.g., Maryland Code, Public Safety Article, § 3-106, as amended by the Maryland Police Accountability Act). Defendant deprived Plaintiff of this protected property interest without due process when it summarily suspended him without pay and later constructively terminated his employment.

52. **Procedural Due Process Violations (Article 24) and 42 U.S.C. § 1983:** Defendant violated Plaintiff's right to Procedural Due Process under Article 24 by depriving him of his property interest without the requisite fair procedures, including:

    i. Failing to provide prior written notice of the specific administrative charges or an Internal Affairs (IA) case number before suspension or termination.
    ii. Denying Plaintiff a meaningful opportunity to be heard, including the right to respond to allegations before the adverse action was taken.
    iii. Failing to submit the matter to an Administrative Charging Committee (ACC) or convene a Trial Board as mandated by state law for disciplinary actions resulting in suspension or termination.
    iv. Inserting a termination letter and an unrelated misconduct packet into Plaintiff's personnel file without providing proper service or a pre-deprivation hearing

54. Defendant later inserted a termination letter and unrelated misconduct packet into Plaintiff's personnel file, without serving him or providing due process.

55. These actions violate Plaintiff's rights under Articles 19 and 24 of the Maryland Constitution.

56. Plaintiff suffered quantifiable economic loss, reputational damage, and severe emotional distress.

**WHEREFORE**, Plaintiff demands compensatory damages, emotional distress damages, reinstatement, back pay, front pay, attorney's fees, and other appropriate relief in excess of $250,000.

## COUNT VI
### WRONGFUL CONSTRUCTIVE TERMINATION
**Maryland Code, Public Safety Article, Title 3, Subtitle 1, §§ 3-110; Maryland Fair Employment Practices Act (FEPA) Anti-Retaliation; Maryland Whistleblower Law**
**(General Public Employee)**

57. Plaintiff incorporates all prior allegations.

58. Defendant's discriminatory and retaliatory actions forced Plaintiff out of his employment through intolerable, unlawful working conditions.

59. Defendant's actions violated clear mandates of Maryland public policy, including the policies embodied in:

a) **Maryland Police Officer Whistleblower Protection:** Maryland Code, Public Safety Article, § 3-110, which prohibits reprisal against a police officer for disclosing information that evidences mismanagement, a waste of government resources, a danger to public health or safety, or a violation of law or policy

b) **Maryland Fair Employment Practices Act (FEPA) Anti-Retaliation:** Maryland Code, State Government Article, § 20-606, which prohibits retaliation for opposing discriminatory practices.

c) **Maryland Whistleblower Law (General Public Employee):** Maryland Code, State Personnel and Pensions Article, § 5-305, which prohibits reprisal against a State employee for disclosing evidence of abuse of authority, gross mismanagement, gross waste of money, or a violation of law.

60. Plaintiff's constructive termination was wrongful and against Maryland public policy.

61. As a result, Plaintiff suffered past and future wage loss, emotional distress, and reputational harm.

**WHEREFORE**, Plaintiff demands compensatory damages, emotional distress damages, reinstatement, back pay, front pay, attorney's fees, and other appropriate relief in excess of $250,000.

## COUNT VII
## VIOLATION OF MARYLAND POLICE ACCOUNTABILITY ACT
**Maryland Code, Public Safety Article, Title 3, Subtitle 1, §§ 3-101 through 3-114 and 42 U.S.C. § 1983.**

62. Plaintiff incorporates all prior allegations.

63. Defendant failed to follow statutory requirements governing police discipline, including:

   a. Providing written notice of allegations;

   b. Opening an Administrative Charging Committee file;

   c. Recording required disciplinary actions;

   d. Serving investigative findings on Plaintiff;

   e. Following the State of Maryland's disciplinary matrix.

64. Defendant's actions constitute direct violations of Maryland's mandatory law enforcement disciplinary procedures and 42 U.S.C. § 1983.

65. Plaintiff suffered emotional distress, reputational harm, and economic injury.

**WHEREFORE**, Plaintiff demands compensatory damages, emotional distress damages, reinstatement, back pay, front pay, attorney's fees, and other appropriate relief in excess of $250,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory damages, emotional distress damages, reinstatement, back pay, front pay, attorney's fees, and other appropriate relief in excess of $250,000; equitable relief and costs; Any other relief this Court may deem just and equitable.

Respectfully Submitted,

*A a Sadiq*
ID QJDQznL43ERqwiwSPnN67sn9

**Abbas S. Sadiq, Esquire**
(AIS/CPF: 2110260001)
Sadiq Law Group
177 Kentlands Boulevard, Suite 200
Gaithersburg, Maryland 20878
301-241-0110 | abbas@sadiqlawgroup.com
*Counsel to Plaintiff, Daniel Ruffin*

## VERIFICATION

I, **DANIEL RUFFIN**, Plaintiff in the above-entitled action, hereby certify and affirm under the penalties of perjury that I have read the foregoing **VERIFIED COMPLAINT**, and that the facts alleged therein are true and correct to the best of my knowledge, information, and belief.

Dated: 11/30/2025

ID KtJnjiQN9Yabozi7p2oAUCwQ

**Daniel Ruffin, Plaintiff**

## eSignature Details

**Signer ID:** KtJnjiQN9Yabozi7p2oAUCwQ
**Signed by:** Daniel Ruffin
**Sent to email:** daniel.ruffin83@gmail.com
**IP Address:** 172.58.245.143
**Signed at:** Nov 30 2025, 7:05 pm EST

**Signer ID:** QJDQznL43ERqwiwSPnN67sn9
**Signed by:** Abbas Sadiq
**Sent to email:** abbas@sadiqlawgroup.com
**IP Address:** 172.58.242.99
**Signed at:** Dec 1 2025, 9:59 am EST